UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RICK A. LOGSDON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 12 C 50382 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) Judge Frederick J. Kapala ) ) |
| Defendant. | ) ) |

**DEFENDANT'S AGREED MOTION FOR AFFIRMANCE OF
AGENCY DECISION ON REMAND AND ENTRY OF FINAL JUDGMENT**

Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, by Zachary T. Fardon, United States Attorney for the Northern District of Illinois, moves this court for an Order affirming the decision of the Commissioner that Plaintiff met the disability requirements under the Social Security Act, 42 U.S.C.§§ 1381a and 1382c. Defendant moves this court for entry of final judgment pursuant to Federal Rule of Civil Procedure 58.

In support of this motion, Defendant avers:

Plaintiff filed an appeal of an adverse decision of the Commissioner of Social Security in 2012. After a motion by the Commissioner for remand because the Appeals Council was unable to prepare a transcription of the hearing and consequently unable to prepare a certified administrative record, United States Magistrate Judge P. Michael Mahoney issued an order remanding the case pursuant to the sixth sentence of 42 U.S.C. § 405(g). Although the case was closed administratively on the court's docket, the court retained jurisdiction over the action. In sentence six remands, the court enters judgment after post-remand agency proceedings have been completed and their results filed with the court. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

On December 23, 2013, an administrative law judge (ALJ) acting pursuant to this court's remand order, issued a fully favorable decision, finding that Plaintiff was disabled within the meaning of the Social Security Act (attached). The time has expired for Plaintiff to file exceptions to the ALJ's decision and for the Appeals Council to review the case on its own motion. 20 C.F.R. § 416.1484. The case, therefore, is concluded and this court should affirm the Commissioner's decision on remand and enter judgment.[1] Plaintiff agrees with this motion.

A proposed order (copy attached) will be submitted to the court's proposed-order email address.

                                          Respectfully submitted,

                                          ZACHARY T. FARDON

                                          United States Attorney

                                          By: s/ Monica V. Mallory
                                               MONICA V. MALLORY
                                               Assistant United States Attorney
                                               327 South Church Street, Suite 3300
                                               Rockford, IL 61101
                                               (815) 987-4444
                                               monica.mallory@usdoj.gov

Of Counsel:

KATHRYN CALDWELL
Acting Regional Chief Counsel
Social Security Administration

ANDREW NELTNER
Special Assistant United States Attorney
Office of the Regional Chief Counsel
200 West Adams Street, Suite 3000
Chicago, Illinois 60606

---

[1] This court entered a judgment on January 2, 2013, when it remanded this case to the agency. However, when a remand is under sentence six of 42 U.S.C.§ 405(g), as it was here, the proper sequence of events is that "after the postremand proceedings are completed, the Secretary returns to court, [and then] the court enters a final judgment." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).